IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL D. RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-00308 |
| | ) | |
| DAVIDSON COUNTY SHERIFF'S OFFICE, | ) | JUDGE RICHARDSON |
| | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Michael Richardson, an inmate in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1, "the Complaint") and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) Plaintiff has also filed a motion for appointment of counsel. (Doc. No. 3.)

The case is before the Court for ruling on Plaintiff's IFP application and motion, and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2), 1915A.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are liable only for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468,

470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under § 1983, which authorizes a private federal right of action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Analysis of the Complaint**

The Complaint asserts that Plaintiff's rights under the First, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated when he was prevented from receiving mailings from this Court in his prior case against the DCSO, *Richardson v. Robertson, et al.*, No. 3:22-cv-00716 (closed Dec. 30, 2022). (Doc. No. 1 at 5.) Plaintiff accuses the DCSO of tampering with his mail, which led to the dismissal of his prior case because he did not receive the Court's mailings and therefore failed to respond to them. (*Id.* at 3, 6.) He does not sue any particular DCSO employee but asserts that the fact that "all of the mail sent to [him] has been returned" supports a violation of, *inter alia*, his First Amendment right to "freedom of speech." (*Id.* at 5.) The Court liberally construes this First Amendment claim to assert a violation of the right of access to the

courts.

Attached to the Complaint is a printout of the docket sheet for Case No. 3:22-cv-00716, as of January 13, 2023. (*Id.* at 7–8.) It shows that three Court mailings directed to Plaintiff were returned "as undeliverable" (*id.*), the third of which was the Court's Order dismissing the case. However, the final entry on the docket sheet printout shows that, after the dismissal order was returned, the Court received a letter from Plaintiff that prompted the Clerk's Office to update his address of record (*id.* at 8) so that it reflected a post office box instead of a street address. (*See id.* at 7.)

There was subsequent activity on the docket of Case No. 3:22-cv-00716 that is not reflected on the printout attached to the Complaint, of which the Court takes judicial notice.[2] This subsequent docket activity reflects that two Court Orders were mailed to Plaintiff at his updated address and *not* returned as undeliverable. (*See* Case No. 3:22-cv-00716, Doc. Nos. 12, 14.) The Court further takes judicial notice that, in providing a new address of record (*id.*, Doc. No. 10), Plaintiff made the change from what the DCSO's website lists as the "Physical Address" of its facility (5113 Harding Place, Nashville, TN 37211), to what the website lists as the DCSO's "Mailing Address" (P.O. Box 196383, Nashville, TN 37219). *See* https://sheriff.nashville.gov/maximum-correctional-center-mcc/ (last visited Sept. 19, 2023).[3]

In light of these facts concerning the record of proceedings in Plaintiff's prior case, his

---

[2] The Court may take judicial notice of the "adjudicative facts" revealed on the record of its own cases. *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977).

[3] Judicial notice may be taken of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (quoting Fed. R. Evid. 201(b)). The fact that the DCSO has a mailing address distinct from its physical address is a properly subject of judicial notice because the accuracy of that basic contact information provided on the DCSO website cannot reasonably be questioned.

current claim of mail tampering that prevented his access to courts is revealed to be, at best, speculative and conclusory. Such "speculation that someone must be tampering with [Plaintiff's] mail fails to satisfy th[e] element" of *intentional* interference with access to courts, a requirement "to sufficiently plead such a claim." *Brown v. Erdos*, No. 1:22-CV-239, 2022 WL 18356166, at *10 (S.D. Ohio July 13, 2022), *report and recommendation adopted as modified sub nom. Brown v. Mahlman*, No. 1:22-CV-00239, 2022 WL 17817615 (S.D. Ohio Dec. 19, 2022).

Even if Plaintiff had sufficiently alleged intentional interference with his access to courts, this action could not proceed under § 1983 against the DCSO, as "sheriff's departments are not proper parties to a § 1983 suit." *Campbell v. Cheatham Cnty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 825 n.12 (M.D. Tenn. 2021), *aff'd*, 47 F.4th 468 (6th Cir. 2022) (quoting *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases)). Nor would his access-to-courts claim be plausibly stated against Davidson County—an entity that is suable under § 1983—because he fails to attribute the alleged mail tampering to any county policy or custom. *See Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir. 2010) ("To succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights."). Indeed, no such policy or custom could plausibly be alleged here in light of the record demonstrating that Plaintiff's legal mail was delivered to him once he provided the Court with a proper mailing address.

In sum, the Complaint fails to state a claim upon which relief can be granted and must therefore be dismissed.

### III. CONCLUSION

For the above reasons, this action is **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. In light of this outcome, Plaintiff's pending motion for appointment of counsel (Doc. No. 3) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE